IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTRUCTION FUNDING,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT UNION ADMINISTRATION BOARD,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-01076-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

On April 8, 2009, Plaintiff Construction Funding ("CFI") filed a breach of contract complaint against Utah Central Credit Union ("UCCU") in the Third Judicial District Court of Salt Lake County, Utah ("State Court"). (Docket No. 1-2.) CFI alleged UCCU failed to pay CFI for the construction loan servicing work CFI performed pursuant to a construction loan administration agreement ("CLAA") the parties signed. (Id.) UCCU counterclaimed that CFI breached the agreement relating to thirty-seven defaulted loans. (Docket No. 10 at 4.)

On April 29, 2011, the State of Utah Division of Financial Institutions appointed the National Credit Union Administrative Board ("NCUAB") as UCCU's liquidating agent. (Docket No. 1-1 at 1.) On October 25, 2011, NCUAB substituted as the defendant in CFI's action. (Docket No. 1 at 3.) Due to the substitution, on November 22, 2011, this case was removed from the State Court to the Federal District Court. (Docket No. 1.) It was referred to this Court under 28 U.S.C. § 636(b)(1)(A).

Before the Court are the following motions: (1) CFI's motion to reconsider the State Court's denial of its motion to compel discovery; (2) NCUAB's motion to strike Exhibit C (a State Court hearing transcript) from CFI's reply memorandum to its motion to compel; and (3) CFI's renewed motion to compel supplemental, discovery responses.

For the reasons below, the Court finds Plaintiff's motion to reconsider and Defendant's motion to strike are **MOOT**.  (Docket Nos. 9, 20.)  The Court **GRANTS** in part and **DENIES** in part Plaintiff's renewed motion to compel.  (Docket No. 9.)

## II.    PLAINTIFF'S MOTION TO RECONSIDER STATE COURT DENIAL & DEFENDANT'S MOTION TO STRIKE

On February 17, 2011, the State Court denied CFI's original motion to compel.  (Docket No. 10-4, Ex. D.)  Thereafter, Plaintiff renewed its motion to compel before the Federal District Court.  (Docket No. 9.)  Because of the renewed request, the Court sees no utility in reconsidering the State Court's denial.  Therefore, the Court finds Plaintiff's motion to reconsider the state court's denial of its motion to compel (Docket No. 9), and Defendant's motion to strike a State Court transcript related thereto,[1] are **MOOT**.  (Docket Nos. 9, 20.)

## III.   STANDARD OF REVIEW FOR MOTION TO COMPEL

Where a party provides an evasive or incomplete discovery response, the requesting party may file a motion to compel a full discovery response.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) to (a)(4).

---

[1] In its reply brief to its motion to compel (Docket No. 15), CFI attached an *unofficial* transcript of the State Court hearing on its original motion to compel.  (Docket No. 15-4, Ex. C.) NCUAB moved to strike this transcript because it was "not an official transcript prepared by a certified court reporter."  (Docket No. 20 at 2.)

### IV. PLAINTIFF'S RENEWED MOTION TO COMPEL FURTHER SUPPLEMENTAL RESPONSES

CFI's first set of interrogatories concerned the thirty-seven defaulted loans in UCCU's counterclaim. (Docket No. 10 at 4.) CFI sought this discovery to "enable it to defend against such claims." (Id. at 10.)

Unsatisfied with UCCU's original, and supplemental responses, CFI now moves to compel NCUAB "to [further] supplement" UCCU's supplemental responses to Interrogatory Nos. 7, 11, and 12. (Docket No. 9 at 1.) CFI claims the current, supplemental responses are vague, and "fail[] to identify with particularity or in detail" the breach, causation, and damages of "each loan." (Docket No. 10 at 6, 7-9.)

NCUAB opposes CFI's renewed motion. (Docket No. 13.) NCUAB argues the subject interrogatories are "overbroad and unduly burdensome as a matter of law." (Id. at 6.) Alternatively, NCUAB asserts that UCCU's supplemental responses are sufficient because they "provide extensive detail concerning the bases for" UCCU's counterclaims. (Id.)

#### A. Interrogatory No. 7

Interrogatory No. 7 asked UCCU to "[i]dentify with particularity as to each paragraph in [UCCU's] [c]ounterclaim . . . the factual basis that supports [UCCU's] assertions of CFI's breaches under the CLAA." (Docket No. 10-9, Ex. G at 36.) To this end, it asked UCCU to identify "each" subject loan, "all documents" supporting UCCU's "factual assertions," "all persons having knowledge of such facts," and "all information supporting such allegations." (Id. at 36-37.)

UCCU's supplemental response to Interrogatory No. 7 referred to its supplemental response to Interrogatory No. 2.[2] (Docket No. 10-9, Ex. G at 37.) CFI claims UCCU's reference to Interrogatory No. 2 is deficient where the supplemental response to Interrogatory No. 2 failed to identify: (1) documents supporting CFI's breach of each subject loan; (2) persons with such knowledge; and (3) all information supporting UCCU's allegations. (Docket No. 10 at 7.)

Initially, NCUAB opposes CFI's motion because it claims Interrogatory No. 7 is overbroad and unduly burdensome where it seeks detailed information about *each* paragraph of UCCU's counterclaim. (Docket No. 13 at 6-8.) See Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D. Kan. 1998) (holding "[i]nterrogatories should not require the answering party to provide a narrative account of its case," but should rather ask "for the principal or material facts which support an allegation or defense."); Hilt v. SFC Inc., 170 F.R.D. 182, 186-88 (D. Kan. 1997) (finding interrogatories that asked a party "to state each and every fact supporting all of the allegations in" four counts of its complaint were overly broad and unduly burdensome because they "indiscriminately swe[pt] an entire pleading.").

CFI denies seeking "every fact that supports identified allegations." (Docket No. 15 at 7.) Rather, CFI counters it is "inquir[ing] about the material facts supporting specific factual matters raised in the pleadings." (Id. at 8.) CFI complains that NCUAB only identified fifteen of the thirty-seven loans subject to UCCU's counterclaim. (Id. at 6.) CFI argues it is NCUAB's burden to sift through the 27,000 pages of loan documents to identify the remaining subject loans. (Id. at 8.)

---

[2] Interrogatory No. 2 asked UCCU to "[s]et forth in detail the factual basis for all full and partial denials contained in [its] answer to [CFI's] Complaint and in so doing identify [ ] [t]he numbered paragraph of said Complaint to which a denial pertains; [and] [i]dentify all documents, persons, with knowledge thereof, oral communications, and all information supporting such denial." (Docket No. 10-7, Ex. G at 2.)

The Court **GRANTS** in part CFI's motion to compel a further, supplementary response to Interrogatory No. 7 as follows. (Docket No. 9.) The Court orders NCUAB to identify each of the thirty-seven loans subject to UCCU's counterclaim. CFI needs this material information to defend itself against counterclaims arising from those loans.

However, the Court **DENIES** the remainder of CFI's motion to compel a further, supplemental response to Interrogatory No. 7. (Docket No. 9.) The current response, by reference to Interrogatory No. 2, is sufficient. The thirty-four page response to Interrogatory No. 2 refers to numerous documents supporting CFI's breaches, including specific paragraphs of the CLAA, as well as fifteen people's loan documents. The response also offers a "representative sample of CFI's breaches" that gives "CFI adequate notice of the facts supporting" UCCU's counterclaims. (Docket No. 13 at 9.) The response includes specific examples of CFI: (1) filing incomplete draw requests for loan funds; (2) presenting construction inspection certifications that omitted pre-existing property lien information; and (3) inappropriately using loan funds to directly pay contractors. (Docket No. 10-7, Ex. G at 2-36.)

**B. Interrogatory Nos. 11 and 12**

Interrogatory No. 11 asked UCCU to "[i]dentify with particularity the amounts and factual basis of damages allegedly incurred by [UCCU] as a result of CFI's alleged *breach of the CLAA*." (Docket No. 10-9, Ex. G at 39) (emphasis added.) To that end, it asked UCCU to identify each subject loan, all documents supporting such alleged damages, all persons having knowledge of such damages, and all information supporting such alleged damages. (Docket No. 10-6, Ex. F at 14.)

Interrogatory No. 12 was identical to Interrogatory No. 11, but asked for "the amounts and factual basis of damages allegedly incurred by [UCCU] as a result of CFI's alleged *breach of*

*non-contractual duties*" in UCCU's second, third, and fourth counterclaims against CFI. (Docket No. 10-9, Ex. G at 40) (emphasis added.)

CFI argues UCCU's supplemental responses to Interrogatory Nos. 11 and 12 are evasive and incomplete. (Docket No. 10 at 7-8.) NCUAB counters the interrogatories are overbroad, and the supplemental responses are sufficient. (Docket No. 13.) However, NCUAB concedes it "intends to seek the assistance of an expert in calculating the amounts of damages caused by CFI's conduct." (Id. at 8 n.1.) NCUAB claims CFI will "have adequate notice of the asserted damages amounts and an appropriate opportunity to respond." (Id.)

The Court agrees with CFI, in that NCUAB tacitly acknowledged the deficiency of its current responses when it agreed to supplement them. (Docket No. 15 at 5-6.) Therefore, the Court **GRANTS** in part CFI's motion to compel further, supplemental responses to Interrogatory Nos. 11and 12 as follows. (Docket No. 9.)

NCUAB must identify the damages amounts incurred for each of the thirty-seven loans due to CFI's alleged breaches of the CLAA, and non-contractual duties. To the extent the breaches underlying such damages are not already discussed in NCUAB's supplementary response to Interrogatory No. 7, NCUAB should provide a general summary of the *material facts* supporting the breaches. To reduce NCUAB's burden, NCUAB may organize summaries of the material facts as to each loan by category of breach.

However, the Court **DENIES** the remainder of CFI's motion to compel further responses to Interrogatory Nos. 11 and 12 because asking NCUAB to identify "all" information supporting its damages is overbroad and unduly burdensome. (Docket No. 9.)

## V. ORDERS

Based on the analysis above, the Court issues the following orders:

**IT IS ORDERED** that Plaintiff's motion to reconsider the State Court's denial of its original motion to compel is **MOOT**.  (Docket No. 9.)

**IT IS FURTHER ORDERED** that Defendant's motion to strike the State Court transcript related to Plaintiff's motion to reconsider is **MOOT**.  (Docket No. 20.)

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion to compel further, supplemental responses to Interrogatory Nos. 7, 11, and 12 is **GRANTED** in part and **DENIED** in part, as described above.  (Docket No. 9.)  Defendant must supplement its responses pursuant to the fact discovery deadline set forth in a future scheduling order.

**IT IS FURTHER ORDERED** that Plaintiff's request for reasonable costs, including attorney's fees, incurred in filing its motion to compel is **DENIED**.  (Docket No. 9.)  Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court finds each party should bear its own reasonable expenses related to the motion.  Costs to Plaintiff are not warranted where Defendant previously provided a large portion of information Plaintiff requested, and agreed to further supplement its responses.

Dated this 13th day of February, 2013.

Dustin B. Pead
United States Magistrate Judge